## A. M. STETSON ET AL. *v.* CLARK STEVENS ET AL.

*Injunction io restrain the cutting of timber.     Griffith* v. *Hilliard, supra, followed.*

Bill to restrain the cutting of timber. Heard upon bill and answer at the March term, 1891, Essex county, Ross, chancellor, dismissed the bill *pro forma*, and the orators appealed.

The facts in this case were the same in principle as those in *Griffith* v. *Hilliard, supra.*

*D. S. Storrs* and *Geo. N. Dale*, for the orators.

Equity will grant this injunction to prevent irreparable injury. *Erhardt* v. *Boaro*, 113 U. S. 538.; *U. S.* v. *Parrott et al*, 1 McAllister (U. S. C) 317; *Dows* v. *City of Chicago*, 11 Wall. 112; *Union Pacific Railroad Co.* v. *Cheyenne*, 113 U.

S. 526 ; *Shelton* v. *Platt*, 139 U. S. 594 ; *West Point Iron Co.* v. *Reymert*, 45 N. Y. 703 ; *Kidder* v. *Jones*, 17 Ves. 110 ; *Thomas* v. *Oakley*, 18 Ves. 184 ; *Norway* v. *Rowe*, 19 Ves. 147; *Keystone Iron Co.* v. *Martin*, 132 U. S. 92 ; *Hicks* v. *Michael*, 15 Cal. 116 ; *Smith* v. *Fleek*, 69 Pa. St. 474 ; *Fulton* v. *Harmon*, 44 Md. 267 ; *Shipley* v. *Ritter*, 7 Md. 408; *Irwin* v. *Donelson*, 3 Ired. 316, 317 ; *Mills* v. *Company*, 65 Miss. 391 ; *Sullivan* v. *Robb*, 5 S. Rep. 746 ; High Inj. s. 724 ; *Shreve* v. *Black*, 3 Green Ch. (N. J.) 177 ; Clark's Appeal, 62 Pa. St. 447 ; Sto. Eq. Jur., s. 928 : *Smith et al.* v. *City of Rochester*, 92 N. Y. 485 ; *White* v. *Flannigan*, 54 Am. Dec. 668 ; *Chesapeake Canal Co.* v. *Young*, 3 Md. 389 ; *Shipley* v. *Ritter*, 7 Md. 413 ; *Gilbert* v. *Arnold*, 30 Md. 37 ; *Powell* v. *Rawlings*, 38 Md. 241.

Repeated trespasses may be enjoined although a single one of the series would not be. *Lyon* v. *Hunt*, 11 Ala. 295, 46 Am. Dec. 216 ; *Scudder* v. *Trenton & Co.*, 1 N. Y. 69 ; *Poindexter* v. *Henderson*, 12 Ind. 550 ; *Burnley* v. *Cook*, 13 Texas 586 ; *De La Croix* v. *Villiere*, 12 La. Ann. 39 ; *Martyr* v. *Lawrence*, 2 D. J. and S. 261 ; Kerr's Inj., star page 331 ; *Kerlton* v. *West*, 3 N. J. Ch. 449 ; *Irwin* v. *Donelson*, 8 Ired. 316, 317 ; *West Point Iron Co.* v. *Reymert*, 45 N. Y. 705.

*Osian Ray* and *Ide & Quimby*, for the defendant.

The commission of a trespass will not be enjoined unless the trespasser is insolvent or the injury irreparable. Hill. Inj. ch. 10. Trespass, pp. 318, 322 ; Kerr Inj. pp. 293, 296.

The opinion of the court was delivered by

START, J. This cause was heard on the defendant's demurrer to the orators' bill. The defendants, by their demurrer, claim that the orators' bill does not disclose any equity ; that the orators have an adequate remedy at law touching all the material facts alleged therein ; and that a Court of Equity has no jurisdiction of the matters therein set forth. The decision of this court

in *Griffith* v. *Hilliard et al.*, heard at this term of court and reported in this volume, is decisive of all the questions raised by the demurrer.

*The pro forma decree of this Court of Chancery is reversed*, the demurrer contained in the answer is overruled, the orators' bill is adjudged sufficient, and the answer is ordered brought forward, from which it appears that the orators' title to the premises is in controversy; therefore, the cause is remanded to the Court of Chancery, with direction to that court to retain the cause and continue in force the injunction 'for such time as, in the opinion of said court, may be necessary to enable the orators to prosecute, or bring and prosecute to final judgment such action or actions as may be necessary to establish their title in a court of law. And in default of the orators so establishing their title, within the time aforesaid, the orators' bill to be dismissed with costs. But if the orators shall, within the time aforesaid, by a final judgment in their favor in a court of law, establish their title to said premises, as against the defendants, then said Court will enter a decree making perpetual the temporary injunction issued in said cause, and make such order in relation to costs as to said court shall seem meet.

Taft, J., having passed upon the question below in granting the injunction, did not sit.